**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARI ANN HUNNICUTT, as the Personal** | ) | |
| **Representative of the Estate of Muriel** | ) | |
| **Dean Taylor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CV-708-TCK-TLW** |
| | ) | |
| **ZENECA, INC., and** | ) | |
| **STAUFFER MANAGEMENT COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is Defendants' Supplemental Motion for Summary Judgment (Doc. 63), which was ordered by the Court in its Opinion and Order entered January 13, 2012 ("1/13/12 Order") (Doc. 60).[1]  The Court ordered additional briefing on four issues: (1) the proper order of consideration of standing and class certification issues; (2) whether Plaintiff has standing to pursue claims against Stauffer related to the MB030 Policy; (3) whether Plaintiff has standing to pursue any claims against Zeneca; and (4) any other arguments related to standing.  The Court stated that, if any parties desired discovery on these issues, they must seek leave of court.

## I.    Plaintiff's Rule 56(d) Request for Discovery

At the conclusion of his response brief, Plaintiff requests that the Court defer ruling on the supplemental motion for summary judgment and permit him to conduct discovery on the following topics:

---

[1]  The 1/13/12 Order is incorporated herein by reference.  This Opinion and Order assumes knowledge of factual background and identified terms set forth in the 1/13/12 Order.

> The total number of policy applications signed on March 10, 1988 (the summary judgment evidence proves two, but the Taylor Estate believes there were at least three) and the entities identified in them;
> The relationship among Stauffer, ICI Americas, the Glidden Company and any other owner of the policies purchased on March 10, 1988;
> The identify of John Txxxx;
> John Txxxx's authority to buy the policies on March 10, 1988 and the person(s) or entities directing him to do so; and
> The contemporaneous documentation among Stauffer, ICI Americas, the Glidden Company, the insurer and brokers concerning the March 10, 1988 purchase transaction.

(Resp. to Supp. Mot. for Summ. J. 15.)  Counsel for Plaintiff, Michael Myers ("Myers"), submitted an affidavit pursuant to Federal Rule of Civil Procedure 56(d) setting forth the above reasons for Plaintiff's need to conduct discovery.

Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).   Under Rule 56(d), summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition. *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007). Rule 56(d)'s protection arises if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion. *See id.*   The party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *C.B. Trucking, Inc. v. Waste Mgmt., Inc.*, 137 F.3d 41, 44 (1st Cir. 1998) (internal quotations

omitted) (cited with approval by Tenth Circuit in *Been*).  Ordinarily, a party may not attempt to "meet a summary judgment challenge head-on but fall back" on Rule 56(d) "if its first effort is unsuccessful." *Been*, 495 F.3d at 1235 (internal quotations omitted).

The Court rejects Plaintiff's request for discovery.  First, this is a case in which Plaintiff has addressed summary judgment head-on and then requested discovery as a fall-back position at the conclusion of his brief.  When the Court entered the 1/13/12 Order and permitted either party to seek discovery, it anticipated that they would do so in advance of the filing deadlines and/or in lieu of a substantive brief, rather than as part of their substantive motion or response.  Plaintiff's attempt to succeed on the merits or, alternatively, conduct discovery, is not the process contemplated by Rule 56(d) or by the Court when it ordered the supplemental briefing.  Second, and more importantly, Plaintiff has failed to demonstrate that the emergent facts regarding Zeneca's role in causing injury to Plaintiff, if adduced, will influence the outcome of the pending summary judgment motion.  For reasons explained *infra* Part II, the Court rejects Plaintiff's argument that she could potentially demonstrate her standing to sue Zeneca based on Zeneca's own conduct or role in the alleged scheme to wrongfully obtain insurance proceeds upon Taylor's life.  Therefore, all of the requested discovery is irrelevant to the question of standing, and Plaintiff has not identified a sufficient basis to warrant the requested discovery.

## II.     Plaintiff's Standing to Sue Zeneca

The Tenth Circuit has indicated that courts should generally address standing prior to class certification. *See Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011) ("Prior to class certification, the named plaintiffs' failure to maintain a live case or controversy is fatal to the case as a whole – that unnamed plaintiffs might have a case or controversy is irrelevant."); *Rector*

*v. City and Cnty. of Denver*, 348 F.3d 935, 950 (10th Cir. 2003) (holding that no named plaintiff had standing to bring certain claims and remanding for decertification as to such claims).  This Court and other district courts within the Tenth Circuit are in accord.  *Stephenson Oil Co. v. Citgo Petroleum Corp.*, 271  F.R.D. 323, 332 (N.D. Okla. 2010) ("'[I]t is well-settled that prior to the certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class subclaim.'") (quoting *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000)); *Smith v. Pizza Hut, Inc.*, No. 09-CV-1632-CMA, 2011 WL 2791331, at * 7 (D. Colo. July 14, 2011) (declining to defer standing ruling until after class certification rulings); *Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1225 (W.D. Okla. 2008) ("Plaintiffs have not persuaded the court that traditional rules requiring determination of Article III standing issues before class certification issues should not be followed here."); *see also In re Refrigerant Compressors Antitrust Litigation*, No. 09-md-02042, 2012 WL 2917365, at * 5 (E.D. Mich. July 17, 2012) (explaining that "[t]here is currently a split among federal courts as to the . . . the question of whether standing can be considered prior to class certification in class action lawsuits" but deciding to address standing prior to class certification).[2]

In order to satisfy Article III standing requirements, the named plaintiff in a putative class action must demonstrate: (1) an injury in fact; (2) causation; and (3) redressability.  *Stewart v. Kempthorne*, 554 F.3d 1245, 1254 (10th Cir. 2009).  Where there are multiple defendants, the named plaintiff must establish standing with respect to each defendant.  William B. Rubenstein, *Newberg*

---

[2] In the supplemental briefs ordered by the Court, Plaintiff conceded that standing must be addressed prior to class certification.  Therefore, the Court does not address the potentially contrary authority cited in the 1/13/12 Order, which prompted the Court's order for supplemental briefing.

*on Class Actions* § 2:5 ("In multidefendant class actions, the named plaintiffs must show that each defendant has harmed at least one of them. Generally, class representatives do not have standing to sue defendants who have not injured them even if those defendants have allegedly injured other class members.").[3] The named plaintiff may not rely on the injuries of potential class members in order to establish standing. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 (1976) ("[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."); *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cr. 1998) ("A potential class representative must demonstrate individual standing vis-as-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action."). Because Defendants' challenge to Plaintiffs' standing is a factual attack that relies upon evidence outside the pleadings, Plaintiff "must set forth by affidavit or other evidence specific facts [establishing standing], which for purposes of the summary judgment motion will be taken to be true." *Lewis v. Casey*, 518 U.S. 343, 358 (1996) (internal quotations omitted).[4]

---

[3] This treatise explains a possible exception to this rule under the "juridical link" doctrine. *See id.* ("Class representatives may be able to sue defendants who did not injure any of them directly by employing the 'juridical link' doctrine."). However, such treatise also notes that "many courts have held that the juridical link doctrine is not applicable to standing and does not justify class actions against defendants who have not injured any of the named plaintiffs." *Id.* In the supplemental briefs ordered by the Court, Plaintiff conceded that the juridical link doctrine does not apply to standing but argued that the doctrine may be considered in the Court's class certification analysis. Therefore, the Court does not address the juridical link doctrine as part of its standing analysis.

[4] As set forth in the 1/13/12 Order, Plaintiff previously submitted evidence outside the pleadings and had notice that the standing question would be decided based on the evidentiary record before the Court. In addition, Plaintiff was given an additional opportunity to seek discovery in responding to the supplemental motion. The Court denies Plaintiff's request because Plaintiff did not establish that any of the requested discovery would influence the outcome of the supplemental

Zeneca is a parent corporation of Stauffer, the entity that received benefits pursuant to the MB029 Policy on Taylor's life.  Plaintiff argues that she has standing to sue Zeneca based on Zeneca's direct role in causing Plaintiff harm, rather than on doctrines such as vicarious liability or the juridical link doctrine.  (*See* Resp. to Supp. Mot. for Summ. J. at 5-9 (arguing that Plaintiff has standing to sue Zeneca because Zeneca was an "active participant in the event that caused [Plaintiff's] legal injury" and not based on alternative theories such as "piercing the corporate veil, vicarious liability, or the juridical link doctrine").)  In support of this "direct liability" argument, Plaintiff relies upon cases explaining that, notwithstanding the general rule that a parent corporation is not liable for the acts of its subsidiary, a parent corporation may be held directly liable if it participates in or directs the negligent conduct causing injury.  *See, e.g., Spires v. Hosp. Corp. of Am.*, 289 Fed. Appx. 269, 272 (10th Cir. 2008) (applying Kansas tort law); *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1382 (10th Cir. 1980) (applying Oklahoma tort law).

Assuming Plaintiff was permitted to conduct discovery and could establish that Zeneca directly harmed Plaintiff, Plaintiff still cannot satisfy the redressability element of standing.  Unlike tort claims, for which a parent corporation may be held directly liable if its negligence contributes to the injury, Plaintiff's sole cause of action against Zeneca is a statutory claim arising under § 3604. The statute authorizes recovery of wrongfully obtained insurance benefits only from the entity wrongfully receiving the benefits.  Okla. Stat. tit. 36, § 3604(B).  In this case, the Stipulation provides that Stauffer received the benefits and that Stauffer retained the benefits.  Plaintiff does not contend that Zeneca wrongfully received the benefits or has somehow come into possession of the benefits wrongfully obtained by Stauffer.  Nor does Plaintiff contend that Zeneca should be treated

motion.  *See supra* Part I.

as a single entity with Stauffer under vicarious liability principles.  Thus, even assuming Zeneca's conduct either independently or jointly with Stauffer violated § 3604, any injury to Plaintiff caused by Zeneca is not redressable under the Oklahoma statute upon which Plaintiff's claim is based. Assuming Plaintiff's statutory claim proceeded to trial against Zeneca and Plaintiff established wrongdoing by Zeneca, it is unclear what judgment could be entered against Zeneca under § 3604. It is also unclear how a favorable judgment against Zeneca would ameliorate Plaintiff's injury of being wrongfully deprived of insurance proceeds.  *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 892 (10th Cir. 2011) (explaining that the redressability requirement ensures that the injury can likely be ameliorated by a favorable decision).  Accordingly, Plaintiff has not met her burden of demonstrating constitutional standing to sue Zeneca.[5]

### III.   Plaintiff's Standing to Bring Claims Against Stauffer Based on Other State Statutes

In the First Amended Complaint, Plaintiff asserts class claims arising under several states' laws.  Stauffer argues that Plaintiff lacks "standing" to assert any claims against it arising under any state's laws other than Oklahoma.[6]  Plaintiff contends that any argument regarding the geographical scope of putative class claims is properly addressed as part of the Court's class-certification analysis

---

[5]  As explained above, Plaintiff has not invoked the juridical link doctrine to establish standing.  Nonetheless, the Court observes that such doctrine has been rejected in cases involving a small number of defendants.  *See, e.g., Popoola v. Mid-Individual Practice Ass'n*, 230 F.R.D. 424, 432-33  (D. Md. 2005) (rejecting application of doctrine because, *inter alia*, "it could hardly be 'unwieldy' to ask that Plaintiffs name representatives who have cognizable claims against each of the two defendants").  Likewise, in this case, Stauffer and Zeneca are the only two remaining Defendants.

[6]  In the 1/13/12 Order, the Court determined, over Stauffer's objection, that Oklahoma law governed the dispute.

under Federal Rule of Civil Procedure 23 ("Rule 23"), rather than as a threshold jurisdictional question.

The Tenth Circuit has not addressed whether this type of challenge – namely, a defendant's challenge to the viability of putative class claims arising under state laws that are not applicable to a named plaintiff – should be addressed as a constitutional standing question or a Rule 23 consideration.  There is a "circuit split" and a "divergence of opinion among district courts" as to this question.  *See In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 (E.D. Pa. 2009) (explaining the issue, relevant Supreme Court precedent, and lower court decisions).  Two district courts within the Tenth Circuit recently addressed similar arguments as challenges to the named plaintiff's constitutional standing, rather than as part of a Rule 23 analysis.  *See Smith*, 2011 WL 2791331, at * 7 (explaining contrary authority but finding "more persuasive the numerous cases holding that named plaintiffs lack standing to bring claims on behalf of a class under the laws of states where the named plaintiffs have never lived or resided") (collecting cases); *Thomas*, 540 F. Supp. 2d at 1225-26 ("Absent amendment to allege a sufficient connection between [the named plaintiff] and his claim that [the defendant's] violation of a particular state's consumer fraud or deceptive trade practices act resulted in specific damage to him, [the named plaintiff's] claims alleging violations of the laws of the 40 states where he is not alleged to be a resident, should be dismissed for lack of standing."); *see also In re Refrigerant Compressors Antitrust Litig.*, 2012 WL 2917365, at * 7 (holding that any claims asserted under state laws other than those of the named plaintiffs' residences must be dismissed "for lack of Constitutional standing"); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 659 (E.D. Mich. 2011) ("The [complaint] simply fails to name plaintiffs who have suffered the injuries giving rise to claims under the laws of any of the states in

8

which the named [plaintiffs] do not reside. The current [plaintiffs] have no standing to bring those claims."); *In re Magnesium Oxide Antitrust Litig.*, Civ. No. 10-5943, 2011 WL 5008090, at * 10 (D.N.J. Oct. 20, 2011) (dismissing all claims arising under state laws with no connection to named plaintiffs because named plaintiffs lacked standing to bring such claims)*; In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 154-58 (E.D. Pa. 2009) (dismissing claims arising under state laws with which no named plaintiff had a connection); *In re OSB Antitrust Litig.*, No. 06-826, 2007 WL 2253425, at * 1 (E.D. Pa. Aug. 3, 2007) (holding that, because the plaintiffs "lack[ed] named representatives from Arizona, New Mexico, and South Dakota," they did "not have standing to maintain a class action in those states").

These courts generally reason that a named plaintiff in a putative class action "does not have standing to allege claims on his own behalf under the laws of states where he has never lived or resided because he has not suffered an injury under those laws, nor is he protected by those laws." *Smith*, 2011 WL 2791331, at * 8; *see In re Refrigerant Compressors Antitrust Litig.*, 2012 WL 2917365, at * 7 (reasoning that the complaint "contain[ed] no factual allegations that connect[ed] any injuries by the named [plaintiffs] to any causes of action arising in [those] states" and that the complaint alleged no facts "on which to find a connection between an alleged injury and some wrongful conduct that would implicate the laws of these states in which no named [plaintiff] resides").  Thus, the holdings turn on the named plaintiffs' inability to establish the "injury" requirement of constitutional standing.  The courts further reason that, if this question is delayed until the class-certification stage, "a plaintiff would be able to bring a class action complaint under the laws of nearly every state in the Union without having to allege concrete, particularized injuries relating to those states, thereby dragging defendants into expensive nationwide class discovery,

potentially without a good-faith basis." *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at * 10.

In response to this authority, Plaintiff did not cite any cases directly holding that this argument presents a Rule 23 question, rather than a standing question. Plaintiff contends, however, that it cannot be a jurisdictional hurdle because there exists a "wealth of cases decided . . . in which multistate class actions involving state law claims were certified – even when the named plaintiffs did not have individual claims under all the various state laws implicated in the case." (Resp. to Supp. Mot. for Summ. J. 12 (collecting cases at n.41).) Plaintiff also argues that, even where the plaintiffs have failed to establish that multi-state claims are suitable for class certification, the question has been addressed in terms of Rule 23 and not in terms of standing. *See, e.g., Castano v. Am. Tobacco Co.*, 84 F.3d 734, 743 (5th Cir. 1996) (reversing district court's class certification order because differing state law causes of action defeated predominance and superiority prongs of Rule 23 analysis).

The Court is persuaded by the reasoning of its sister courts in the cases of *Smith v. Pizza Hut, Incorporated*, No. 09-CV-1632, 2011 WL 2791331 (D. Colo. July 14, 2011), and *Thomas v. Metropolitan Life Insurance Company*, 540 F. Supp. 2d 1212 (W.D. Okla. 2008), which rely heavily upon *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 154-56 (E.D. Pa. 2009). Following these decisions and the cases cited therein, named plaintiffs generally lack standing to assert class-wide claims under laws of states with which they have no connection. This is because they cannot demonstrate any injury flowing from violation of those states' laws. In this case, Plaintiff has standing to sue Stauffer under Oklahoma insurance law because such law governs the relevant MB029 Policy but lacks any connection with other states' insurance laws. Accordingly, the class-

10

wide claims asserted under the laws of Alaska, Arizona, Hawaii, Louisiana, Montana, Nevada, South Dakota, Texas, Washington, and Wyoming must be dismissed for lack of standing.

**IV.     Plaintiff's Standing to Assert Claims Against Stauffer Based on the MB030 Policy**

Stauffer also argues that Plaintiff has no standing to pursue claims based on the MB030 Policy because the record evidence establishes that (1) such policy was purchased by Zeneca for the purpose of insuring its employees, and (2) Plaintiff was an employee of Stauffer and therefore never subject to the MB030 Policy.  Despite the Court's concerns expressed in the 1/13/12 Order and the argument contained in Defendant's supplemental motion for summary judgment, Plaintiff did not address this specific argument in her response brief.

The Court has held that Plaintiff lacks standing to sue Zeneca, such that Stauffer is the only remaining Defendant.  Based on the undisputed record evidence, and particularly the Stipulation, Stauffer has demonstrated that it did not purchase the MB030 Policy and did not insure any employees, including Taylor,  under the MB030 Policy.  Further, in prior briefs, Plaintiff conceded that she did not seek any proceeds obtained under the MB030 Policy as a result of this litigation. (*See* 1/13/12 Order 13.)  Therefore, Plaintiff has no injury that is traceable to the MB030 Policy, just as she has no injury that is traceable to Zeneca.  Although Plaintiff would certainly like to conduct discovery as to Zeneca and the MB030 Policy, Plaintiff does not have standing to assert these claims because she has not presented evidence of any injury bearing a sufficient connection to Zeneca and/or the MB030 Policy.  In short, the Court will not permit Plaintiff to conduct discovery regarding the MB030 Policy under the guise of asserting claims against Stauffer, where she has made no showing that Stauffer received any benefits under such policy from Taylor or any other deceased employees.

## V.      Conclusion

Defendants' supplemental motion for partial summary judgment (Doc. 63), which challenges Plaintiff's constitutional standing to assert certain claims set forth in the First Amended Complaint, is GRANTED.  Due to the named Plaintiff's lack of standing and the Court's lack of jurisdiction, all putative class claims against Defendant Zeneca, Inc. and all putative class claims based upon the MB030 Policy are hereby dismissed without prejudice.  Defendant Zeneca, Inc. is terminated as a party to the litigation.  Due to the named Plaintiff's lack of standing and the Court's lack of jurisdiction, all putative class claims based upon state laws other than Oklahoma are hereby dismissed without prejudice.  The parties are ordered to submit a Joint Status Report setting forth proposed deadlines for the remainder of the case no later than October 1, 2012.

SO ORDERED this 19th day of September, 2012.


TERENCE C. KERN
United States District Judge

12